IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEON GREEN BEY,
:
:
    Petitioner
:
:
    v.
: CIVIL NO. 4:CV-14-2379
:
UNITED STATES OF AMERICA,
: (Judge Brann)
ET AL.,
:
:
    Respondents
:

## MEMORANDUM

December     , 2014

**Background**

    Leon Green Bey, a federal pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania filed this pro se petition for writ of habeas corpus under 28 U.S.C.§ 2241. The Petitioner has also filed an application for leave to proceed in forma pauperis. For the reasons set forth below, Green Bey' petition will be dismissed without prejudice.

    Named as Respondent s are the United States of America and Warden Dominick L. DeRose of the Dauphin County Prison.[1] This is the second action filed by Green Bey challenging the legality of his ongoing federal criminal prosecution in

---

[1]. The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Warden DeRose will be deemed the sole Respondent.

1

this district before Chief Judge Christopher C. Conner.[2]  The Petitioner's initially filed habeas petition, Green Bey v. DeRose, et al., Case No. 4:14-CV-1612, was dismissed without prejudice by this Court by Memorandum and Order dated October 8, 2014. Specifically, this Court determined that it was not appropriate at that point in time for the Petitioner to challenge the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition.

Petitioner's pending action describes himself as being a "sovereign free Moorish American national" of the free Moorish American Nation of the North Gate and a "secured party creditor" who is entitled to protection under the Moroccan Treaty of Peace and friendship between the U. S. Government and the Moors wherein of (1786).  Doc. 1, p. 3.  As such, Petitioner asserts that his ongoing federal criminal jurisdiction should be dismissed for lack of jurisdiction.  Green Bey indicates that he is seeking dismissal of the federal indictment and his release from custody.  See id. at p. 26

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part:

---

2.   See United States v. Green, Case No. 1:13-CR-210.  It is noted that Petitioner is represented by counsel in his federal criminal prosecution.

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

  Petitioner acknowledges that he has not yet been convicted or even tried of the federal criminal offenses/indictment underlying this action.  A review of the docket of Green Bey's federal criminal prosecution before Chief Judge Conner confirms that assertion as the current deadline for submitting pretrial motions in that matter is January 16, 2015.

  As previously discussed by this Court's Memorandum and Order dated October 8, 2014 which was entered in Green's initial habeas action, the United States Court of Appeals for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship."  Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).  The Court of Appeals In Stolt-Nielsen, refused to grant an injunction against an anticipated indictment and stated:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution. Because these defendants are already guaranteed

3

> access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987). It is also noted that a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'" Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197, 214 (1923)). Petitioner clearly has a plain, adequate and complete remedy at law in that he can pursue any objections to the legality of his indictment and his pre-trial detention in his ongoing federal criminal proceedings.

Even if Green Bey was convicted of the federal charges pending before Chief Judge Conner, his remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255. It is simply not appropriate at this juncture for this Court to entertain a challenge via a federal habeas corpus petition by Petitioner to the legality of his ongoing federal criminal prosecution. Green Bey, if he so chooses, can litigate the merits of his present arguments in his ongoing federal prosecution, or thereafter before the Third Circuit. Since intervention by this Court in Petitioner's pending criminal prosecution is not appropriate, Green Bey's petition for writ of habeas corpus will be denied as meritless. See Sedlak v. United States, 2009 WL 4327563 *2 (M. D. Pa. Nov. 30, 2009)(Jones, J.). An appropriate Order will enter.

                              BY THE COURT:

                              s/ Matthew W. Brann
                              Matthew W. Brann
                              United States District Judge